WILLIAM R. BECHTEL., Secretary Department of Local Affairs andDevelopment
You have requested my opinion on a number of issues relating to the administration of sec. 236.16 (3) and (4), Stats., which concern lake and stream shore plats. Your questions deal specifically with the applicability of these sections to the situation in which a subdivision proposed to be created is not immediately abutting a lake or stream, but where the subdivider holds an interest in lands lying between the proposed subdivision and the lake or stream.
 Section 236.16 (3) and (4), Stats., provide: *Page 86 
 "(3) Lake and stream shore plats. All subdivisions abutting on a navigable lake or stream shall provide public access at least 60 feet wide providing access to the low watermark so that there will be public access, which is connected to existing public roads, at not more than one-half mile intervals as measured along the lake or stream shore except where greater intervals and wider access is agreed upon by the department of natural resources and the head of the planning function, and excluding shore areas where public parks or open-space streets or roads on either side of a stream are provided. No public access established under this chapter may be vacated except by circuit court action.
 "(4) Lake and stream shore plats. The lands lying between the meander line, established in accordance with s. 236.20 (2) (g), and the water's edge, and any otherwise unplattable lands which lie between a proposed subdivision and the water's edge shall be included as part of lots. outlots or public dedications in any plat abutting a lake or stream. This subsection applies not only to lands proposed to be subdivided but also to all lands under option to the subdivider or in which he holds any interest and which are contiguous to the lands proposed to be subdivided and which abut a lake or stream."
The issues raised will be discussed in the order in which you present them. Your first three questions concern related aspects of the definition and applicability of the term "lake and stream shore plats," as used in sec. 236.16 (3) and (4), Stats., and will be considered together. These questions and my answers are:
 "1. Can a subdivision plat which does not abut a lake or stream be considered to be a lake or stream shore plat?"
Yes, if it is the type of subdivision which must be made to abut a lake or stream under the provisions of sec. 236.16 (4), Stats.
 "2. Can the provisions applying to lake and stream shore plats be applied to any and all plats?"
Yes, the provisions of sec. 236.16 (3) and (4), Stats., apply to any plats falling within their terms.
 "3. Do the respective captions in Chapter 236 of the Wisconsin Statutes have significance?" *Page 87 
The captions on sec. 236.16 (3) and (4), Stats., have no critical legal significance.
A title or heading of a statute is not part of the statute, sec. 990.001 (6), Stats., and cannot prevail over the language of the statute, although it can be persuasive as to proper interpretation and indicative of legislative intent. Pure MilkProducts Coop. v. NFO, 64 Wis.2d 241, 219 N.W.2d 564 (1974);State v. Mahaney, 55 Wis.2d 443, 198 N.W.2d 373 (1972). However, where as here, the body of the statute is otherwise clear and free from ambiguity, resort cannot be made to the caption to create a doubt where none would otherwise exist. See WisconsinValley Imp. Co. v. Public Serv. Comm., 9 Wis.2d 606,101 N.W.2d 798 (1960).
A reading of these statutory sections discloses no legislative attempt to create a class of "lake and stream shore plats" to which their requirements are applicable. Rather, each section specifies the type of subdivision to which its terms are to be applied. Section 236.16 (3), Stats., requires that public access to the waters be provided in "All subdivisions abutting on a navigable lake or stream." Section 236.16 (4), Stats., has a more extensive application, and requires in effect that certain subdivisions be made to abut a lake or stream.
Your fourth question is:
 "4. If the provisions which apply to lake and stream shore plats are applied to plats which do not conform to the statutory definition can a plat which does not abut be converted into an abutting plat?"
In effect, this question asks whether a proposed plat which does not abut a lake or stream may be made to abut it lake and stream and become subject to the requirements applicable to abutting plats. The answer to the question is clearly "yes." The very purpose of sec. 236.16 (4), Stats., is to force developers who would plat in the vicinity of a lake or stream to refrain from holding in separate ownership a strip of unbuildable, unplattable land between the land proposed for subdivision ownership and the abutting water. This requirement is of particular significance in relation to sec. 236.16 (3), Stats., requiring public access to the waters in "All subdivisions abutting on a navigable lake or stream." *Page 88 
Examination of the legislative history of ch. 304, Laws of 1965, discloses that a primary purpose in creating sec. 236.16
(4), Stats., was to prevent subdividers from avoiding the public access requirements of sec. 236.16 (3), Stats., by omitting strips of land from plats and thus creating plats not abutting lakes or streams.
Your fifth and sixth questions are:
 "5. Does not the act of including unplattable lands in a plat automatically make them plattable?
 "6. If unplattable lands are included in a plat as part of lots, outlots or public dedications have not these lands by this act become plattable?"
The only reference to "unplattable" lands in sec. 236.16, Stats., is found in subsec. (4) of that provision, where it is stated that "any otherwise unplattable lands which lie between a proposed subdivision and the water's edge shall be included as part of lots, outlots or public dedications in any plat abutting a lake or stream." No definition of that term is provided elsewhere in ch. 236, Stats. However, analysis of those terms which are defined, together with the general requirements of the chapter and the particular legislative purpose underlying sec.236.16 (4), Stats., does suggest a meaning for the term. Section236.02 (5), Stats., defines a "plat" as a map of a subdivision. A "subdivision" is defined as the division of a lot or parcel into smaller parcels of certain specified sizes. Sec. 236.02 (8), Stats. Other sections specify the minimum sizes into which parcels may be divided. Thus, sec. 236.16 (1), Stats., sets limits on the area and width of lots, and sec. 236.45, Stats., authorizes towns, counties and municipalities to adopt subdivision control ordinances, pursuant to which they may set different minimums. In addition to these basic regulations, plats are required to meet certain designated criteria as to roads, public improvements and sewerage facilities to qualify for approval. Secs. 236.13, 236.03, and 236.10, Stats. With respect to lands lying within 500 feet of lakes and streams, sec. 236.13
(2m), Stats., requires assurance of adequate drainage areas to prevent pollution and protect the public health. Presumably, lands which are too small in area or of improper width, which cannot be adequately drained, or which are incapable of being brought within the other requirements of ch. 236, Stats., are those which are unplattable for purposes of sec. 236.16 (4), Stats. *Page 89 
Generally speaking, "unplattable land" refers to land which is unplattable in the sense that it cannot, by itself, support a plat, under ch. 236, Stats. If land can support a plat, without the addition of other lands to satisfy the requirement of ch. 236, Stats., such land is plattable and the requirements of sec.236.16 (4), Stats., do not apply.
The legislative purpose of sec. 236.16 (4), Stats., discussed above supports this conclusion. That section is aimed primarily at preventing subdividers from creating narrow. unplatted buffer zones between platted lands and the water's edge, and thus avoiding requirements of public access to the waters. Thus the "unplattable" lands referred to in the section would be those included in such buffer zones, which because of their size, shape, etc., could not be independently subdivided and platted.
Your seventh and eighth questions ask:
 "7. If the caption LAKE AND STREAM SHORE PLATS has no significance and can be interpreted to cover any and all plats, then what is the significance of the final 8 words in the first sentence of 236.16 (4)'?
 "8. Can the latter provision, the 8 final words of the first sentence be disregarded having the effect of converting a plat which does not abut into one which does abut'?"
These questions are merely a rephrase of questions which have been answered previously. The final eight words of the first sentence of sec. 236.16 (4), Stats., are "in any plat abutting a lake or stream." These words, as also noted above, merely indicate the type of plat to which the requirements of sec.236.16 (4). Stats., are applicable. I do not find them in the least ambiguous. They are simply used in the statute to help describe circumstances under which certain proposed plats must include lands which have the effect of making the plat abut a lake or stream.
BCL:DJH:JCM *Page 90